Williams, J.
The Toledo Consolidated Street Railway Company was incorporated in this state, in 1884, having authority to acquire, construct, and operate lines of street railway in the city of Toledo. There were then several street railwaj^ companies, each operating a railway by means of horse cars, in that city. They transferred their property and franchises to 'the above-named companjq •which obtained a grant from the common council to reconstruct and extend the tracks, and operate the railways, subject to the conditions in the ordinance, one of which was, that if the company should fail to comply with any of the *612 provisions of the ordinances then or thereafter in force, prescribing regulations for the operation of street railways, the rights granted to the company should terminate.
The Toledo Electric Street Railway Company was incorporated in this state, in 1889, and obtained from the common council, by ordinance duly passed, a grant authorizing it to construct and maintain lines of electric railway in the city, including the right to use designated portions of the Consolidated Company’s tracks in certain streets, not exceeding in length one-eighth of the distance between the termini of the grantee’s route as constructed and operated. The two companies being unable to agree upon the terms, under which these tracks should be so used, or the compensation to be paid therefor, the defendant in error instituted proceedings in the probate court of Eucas county, to appropriate the tracks to its use in accordance with the grant made by the council, and for the assessment of the compensation due the plaintiff in error therefor. Another proceeding was also instituted in the probate court, by which, upon a similar state of facts, the appropriation, in like manner, of other portions of the Consolidated Company’s tracks was sought. The authority of the defendant in error to maintain such a proceeding was challenged in various ways, but the objections were not sustained. A jury was impaneled, the amount of the compensation assessed by it was paid into court, and, after the final judgment of the probate court in its favor, the defendant in error entered upon the use of the tracks. The judgment of the probate court having been affirmed by the court of common pleas, and that of the common pleas by the circuit court, error is prosecuted here.
An action to enjoin the prosecution of the two appropriation proceedings, and another, to restrain the execution of the judgments rendered therein, were commenced by the Consolidated Company, in the court of common pleas, and thence appealed to the circuit court, where they were decided adversly to the plaintiff, who thereupon brought the cases here on error. There has also been filed in this court a petition in Quo Warranto, on the relation' of the *613 attorney-general, in which it is alleged, that doubts exist as to the right of the defendant to have or maintain the appropriation proceedings referred to, and it is asked to show by what warrant it has exercised those privileges and franchises. These cases were all argued and submitted together. The question raised by them, is whether the appropriation proceedings instituted in the probate court were authorized by law. The authority, if it exists, must be derived, as counsel concede, from sections 3438, and 3440, of the Revised Statutes. The latter section was amended April the 11th, 1890 (87 Ohio Raws, 178), and in its amended form is as follows:
“ Sec. 3440. When the council or commissioners make such grant, the company or person to whom the grant is made, may appropriate any property necessary therefor when the owner fails to expressly waive his claim to damages by reason of the construction and operation of the railway. And in any city of the third grade of the first class a?iy person, persons or coinpany which is authorized to constmct and operate, and has constructed and is operating a street railway, may appropriate any property necessary for the purpose of occupying and using under section 8Jf88 any existing street railway track or tracks subject to the limitation of said section and jor not more than one-eighth of the entire distance between the termini of the route as actually constructed, operated and run over, of the appropriating compa7iy or person-at the time appropriation proceedings are begun, such appropriation to be made in the mode and manner provided for the appropriation of property in part third, title 2, chapter 8, of the Revised Statutes
The provisions printed in italics constitute the amendment made by the act of April 11, 1890, which took effect previous to the commencement of the proceedings in the probate court. The other part of the section has been in force since the revision of the statutes, of 1880.
The arguments of counsel for the plaintiff in error are directed mainly to the proposition, that the addition made to the section by the amendatory act is unconstitutional; being, they contend, in conflict with section 1, of article 13, *614 of the constitution, which prohibits the conferring of corporate power by special act, and with section 26, of article 2, which requires that laws of a general nature shall have uniform operation throughout the state, and also, with section 19, of article 1, which guarantees the inviolability of private property except for the public use. On the other hand, counsel for the defendant in error maintain that the amendment is obnoxious to neither of the constitutional provisions referred to, and, furthermore, if it should be held to be, authority is nevertheless found in the original section, without the aid of the amendment, for the appropriation proceedings which the defendant in error prosecuted in the probate court; and whether or not such authority is so conferred, is the first inquiry demanding consideration. That the provisions of the original section are so distinct and separable from those of the amendment, that the former, being constitutional may stand, though the latter be unconstitutional, is not questioned; nor, is it claimed that the former are in controvention of the constitution; so that, the real question here presented is, whether the provisions of the original section authorize one street railway company to appropriate to its use the tracks of another company, subject to the restrictions contained in section 3438, of the Revised Statutes. In arriving at a decision of the question it becomes necessary to consider the two sections together.
By the first clause of section 3438, the power is conferred, in general terms; on the councils of municipal corporations, to grant, by ordinance, to street railway companies, the right to construct their railwaj^s within, and bejmnd, the limits of the municipality. The proviso contained in the section places a limitation upon the exercise of the power, to the effect that authority shall not be granted “to occupy the track, whether single or double, or other structure, of any existing street railway for more than one-eighth of the entire distance between the termini of the route” of the company to which the grant is made. The power of the municipal authorities, within the limitations imposed by the proviso, to grant to a street railway company the right to occupy the tracks or other structures of a street railway exist *615 ing in the municipality at the time of the grant, cannot be doubted. But such grant does not, of itself, confer upon the grantee the right to enter upon the occupancy of the tracks or structures. The owning company has a private property in them and their use, though devoted to a public purpose, of which it cannot be deprived without its consent, except by an authorized appropriation in which it is entitled to have compensation therefor assessed by a jury. So that, to make effective the grant of the municipal authorities to one company to occupy the tracks or structures of another, it becomes necessary to obtain the consent of, or waiver of damages by, the owner; or, if that cannot be done, then to appropriate the tracks or structures to such use by judicial proceedings, in which compensation may be assessed. Railroad Co. v. Railroad Co., 36 Ohio St.. 239. By the terms of the original section 3440, the company “ to whom the grant is- made may appropriate any property necessary therefor, when the owner fails to expressly waive his claim to damages by reason of the construction and operation of the railway.” The authority of the company to appropriate, appears to be as comprehensive as the authority of the municipality to make the grant, and includes the right to appropriate any property, of whatever nature, necessary to render the grant effective. Section 3438, was in force with section 3440, before the passage of the amendatory act of 1890; and unless the right granted under the former section to one street railway company to use the existing tracks and structures of another company could be enforced by appropriation proceedings, the power to máke the grant would be futile, for it could, in every instance, be defeated by the refusal of the owner to consent to such use, or come to an agreement concerning the damages;, a result evidently not intended by the legislature. The terms of the statute prior to the amendment are broad enough to authorize the appropriation sought by the defendant in error, and it is not apparent why their general purport should be restrained. The context does not require it. True, the section prescribes no method of procedure for the accomplishment of the appropriation, nor expressly refers to any; but there can be *616 no objection to conducting the proceeding, as was done in these cases, under chapter 8 of title 2 of part third, of the Revised Statutes, That chapter, which provides the mode of procedure for the appropriation of private property by corporations, is part of the general system of laws enacted in the Revision of 1880, of which original section 3440, is also a part. The first section of the chapter, section 6414, provides, that “appropriations of private property by corporations must be made according to the provisions of this chapter.” The chapter is as applicable to appropriations under section 3440, as if made so by express reference to it in the section.
This view of the cases renders it unnecessary to pass upon the constitutional^ of the provisions added to the section by the amendatory act of 1890. If unconstitutional, they were not essential to the validity of the proceedings below; and if constitutional, the proceedings were in conformity with them.
It is further claimed b3r the plaintiff in error, that the appropriation was unwarranted because it practically defeated the public use to which the property appropriated was already devoted. If that was the effect of the appropriation, it is clear it could not be made, unless the power to make it was granted'expressly, or by necessary implication. Railroad Company v. Belle Center, 48 Ohio St., 273. But, as has been shown, the power to make the appropriation was so granted. Besides, our legislation clearly contemplates that two street railways may be operated in the same municipal corporation at the same time, and in part, over the same tracks; and also, that such use may not only be practicable, but entirely consistent with the purpose for which the tracks were originally constructed, and the right to construct them obtained; and we see no reason why it may not. The ground upon which such railways are permitted to occupy the public streets is, that they facilitate the legitimate uses of the streets by the public; and the common use of a track by two companies, in certain streets, rather than the use of separate tracks by them, may materially promote the convenience and enhance the safety of the public in the use *617 of streets. Municipal authorities are, as we have seen, clothed with power to grant the right to make such common use of the tracks of a street railway by two companies, to a limited extent. And though the use by the owner company may be less convenient than before, and require greater care, and the inconvenience and care be increased when the companies employ different agencies and appliances for propelling their cars, that falls short of rendering the common use wholly inconsistent with the purposes of the original appropriation of the owning company, or of exclusion from its franchise, or property in the tracks, or of superseding or destroying the public use in which they were employed. For the injury done, compensation must be made; and the inconvenience, as in many like cases, must be borne for the public good. Ample power is vested in the common council of Toledo to prescribe by ordinance, from time to time, such reasonable regulations for the use, by the companies, of the tracks appropriated in the cases below, as may be necessary for the protection of both companies, and the public. The power reserved in the ordinance by which the plaintiff in error obtained its grant, is adequate for that purpose; and if the council fail to make such regulations, the rights of the parties may be enforced in the courts.
■ Other matters discussed have received our consideration, but need not be further noticed in the report.
After these cases were decided, the decision announced, and-the opinion prepared, it was suggested that a question in regard to the measure of the compensation involved in the appropriation cases had not been argued, and opportunity to argue the same requested, which the court has concluded to allow.
The judgments in the injunction cases are affirmed. In the Quo Warranto case, judgment will be entered for the defendant. And final judgment in the appropriation cases will be deferred until the question respecting the amount of compensation shall be disposed of.

Judgment accordingly.